E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
Assistant United States Attorney
Public Corruption and Civil Rights Section
MICHAEL J. MORSE (Cal. Bar No. 291763)
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
Assistant United States Attorneys
General Crimes Section
    1500/1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6077/7367/0304
    Facsimile: (213) 894-7631
    E-mail:   ruth.pinkel@usdoj.gov
              michael.morse@usdoj.gov
              juan.rodriguez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-51(A)-RGK |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT FELIX CISNEROS JR.'S SENTENCING POSITION |
| v. | |
| FELIX CISNEROS, JR., | Sentencing Date: November 21, 2022 |
| Defendant. | Time:        10:00 a.m. |
| | Location:   Courtroom of the Honorable R. Gary Klausner |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Ruth C. Pinkel, Michael J. Morse, and Juan M. Rodriguez, hereby files its Response to defendant Felix Cisneros, Jr.'s Sentencing Position.

This Response is based upon the attached memorandum of points and authorities, the government's sentencing position (Dkt. 119), the

files and records in this case, the Presentence Investigation Report, and such further evidence and argument as the Court may permit.

Dated: November 9, 2022          Respectfully submitted,

                                 E. MARTIN ESTRADA
                                 United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 _____/s/_____
                                 RUTH C. PINKEL
                                 MICHAEL J. MORSE
                                 JUAN M. RODRIGUEZ
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

2

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

## I.  INTRODUCTION

3    In his sentencing position defendant FELIX CISNEROS, JR.

4  ("defendant") makes meritless objections to four sentencing

5  enhancements: (1) More than One Bribe or Extortion (U.S.S.G. §

6  2C1.1(b)(1)); (2) Loss Amount (U.S.S.G. §§ 2C1.1(b)(2), 2B1.1(b)(1));

7  (3) Public Official in a High-level Decision Making or Sensitive

8  Position (U.S.S.G. § 2C1.1(b)(3)); and (4) Public Official who

9  Facilitated Entry into the United States or the Obtaining of a

10 Document Relating to Naturalization, Citizenship, Legal Entry, or

11 Legal Resident Status (U.S.S.G. § 2C1.1(b)(4)).  Defendant also

12 objects to the amount of the already entered forfeiture money

13 judgment (Dkt. 118).  (Defense Sentencing Position ("Def. Pos.") at

14 10-18.)  As explained in greater detail below, these enhancements are

15 supported by the evidence presented during defendant's five-day

16 trial; indeed, if the evidence was sufficient to convince to jury to

17 find that the defendant was guilty beyond a reasonable doubt of

18 committing 30 felonies, it stands to reason that the evidence is

19 sufficient to support all four enhancements, which need only be

20 proven by a preponderance of the evidence standard.  <u>United States v.</u>

21 <u>Watts</u>, 519 U.S. 148, 156 (1997); <u>See also</u> U.S.S.G. § 6A1.3, comment.

22   Additionally, in addition to overruling defendant's objections,

23 this Court should  reject the defendant's invitation to vary downward

24 multiple levels.  Accordingly, the government maintains that the

25 correct Guidelines total offense level is 32, the Guidelines range is

26 121-151 months, and a within Guidelines sentence of 145 months'

27 imprisonment is sufficient but not greater than necessary to reflect

28

the seriousness of the offenses, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

## II.   RELEVANT FACTUAL BACKGROUND

Defendant is a former Special Agent of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement-Homeland Security Investigations ("HSI").  (Dkt. 115, Pretrial Sentence Report ("PSR") ¶ 11.)  As a special agent, defendant had access to, among other things, restricted law enforcement databases and information.  (Id. ¶ 15.)  Beginning in September 2015 and continuing through at least March 2017, defendant abused his federal employment for his own personal profit.  More specifically, defendant conspired with E.S., an attorney engaged in criminal conduct and associated with a criminal organization, and J.B., to commit bribery of a public official.  In exchange for cash, checks, private jet flights, hotel stays, meals, and other items of value, defendant provided various services and official acts for E.S.  (Id. ¶¶ 19-22.) For example, defendant regularly looked up information in confidential law enforcement databases for E.S.  That information ranged from determining whether individuals were under investigation to altering law enforcement records.  (Id. ¶ 22.) In another instance, defendant tried to assist a foreign National, and client of E.S., with gaining entry into the United States. (Id. ¶¶ 22-23.)

During the most egregious conduct, defendant obtained a parole letter, which is used by law enforcement to admit an otherwise inadmissible alien for a law enforcement need, under false pretenses. Defendant represented to multiple law enforcement personnel, including the then Acting Special Agent in Charge, that defendant was seeking to admit the foreign National because the foreign National

was going to assist DHS; defendant listed himself as the agent responsible for the submission. (Id. ¶¶ 25-26, 56.)  In addition to the foregoing, in violation of his official duties and at the behest of E.S. and J.B., defendant queried individuals and addresses to determine whether law enforcement had any open investigations or interest in them. (Id. ¶ 22.)

In sum, in exchange for things of value, among other things, defendant: (1) attempted to obtain or influence the entry into the United States of foreign nationals; (2) omitted enforcing immigration laws consistent with his duties as an HSI agent; (3) conducted law enforcement database inquiries to provide information to E.S. and his associates to help them avoid law enforcement detection and monitoring. (Id.)

Finally, for calendar years 2015 and 2016, defendant failed to report over $93,000 of the income he received as the "check" bribe payments[1]; defendant's under-reporting of income resulted in lowering the taxes reported as due and owing on his Form 1040 individual tax returns. (Id. ¶ 32-34.)

## III. THE EVIDENCE PRESENTED AT TRIAL SUPPORTS ALL THE ENHANCEMENTS

### A.   Defendant Received More than One Bribe

Defendant's objection to the More than One Bribe enhancement (U.S.S.G. § 2C1.1(b)(1)) is meritless.  Defendant's argument that all of the checks defendant received constituted a single action is, simply put, contradicted by the evidence.  (Def. Pos. at 10-11.) Defendant conveniently misreads Application Note 2, which states that

---

[1] For purposes of achieving a *very conservative* tax loss calculation, the amount of unreported income does not include the cash bribe payments.

3

"a number of installment payments for a single action" should be considered one bribe.  To be clear, the evidence at trial demonstrated that not all payments were related (i.e., used to pay defendant's credit card debt).  The evidence showed that E.S. also made payments to defendant's relative's and wife's credit card debt.  Additionally, E.S. made bribe payments in the form of repayments to to defendant's home equity line of credit and defendant's federal Thrift Savings Plan loan.  (PSR ¶ 20.)  Not to mention that E.S. also gave defendant cash.  (Id. ¶¶ 19, 21, 25.)

Further, Application Note 2 explicitly contemplates that multiple bribe payments should be considered as one bribe payment when the bribe payments relate to a "single action."  The government alleged, and proved, that defendant did more than a single action (i.e., official act) for E.S.  Defendant ran law enforcement queries on multiple occasions.  For example, defendant used his position to obtain information from law enforcement databases regarding W.R. an otherwise inadmissible foreign National.  E.S. testified that for the defendant's assistance with W.R.'s immigration issues, E.S. paid the defendant $30,000.  The defendant cannot seriously contend that that cash payment was related to check payments E.S. made directly to the defendant's credit cards.  E.S. further testified that he gave defendant two to three thousand dollars for assisting E.S.' brother-in-law, D.K., another otherwise admissible foreign National, with entering the United States.  E.S. also testified that the defendant assisted E.S. with obtaining information about an ongoing investigation of one of E.S.'s criminal associates, H.N., as well as individuals identified at trial as A.A., and P.T.  (Id. ¶ 22-23.)  Surely all these separate events cannot constitute a "single action"

as the phrase is used in Application Note 2.  The evidence introduced at trial conclusively proves that defendant received more than one bribe.

**B.    The Loss Amount is Greater than $95,000**

Defendant's objection to the Loss Amount being Greater than $95,000 enhancement (U.S.S.G. §§ 2C1.1(b)(2), 2B1.1(b)(1)) is unmeritorious.  Defendant concedes that the loss amount is, at least, $93,403[2] and concedes that this would yield a six-level enhancement. (Def. Pos. at 12-13.)  Defendant essentially objects to the inclusion of cash bribes.

At trial, E.S. testified that he paid defendant at least $40,000 in cash as part of this corrupt scheme. See 4/27/22 Trial Transcript, at 11:6-8 (Witness E.S.: "Out of that I paid 30,000 to John Balian. And John Balian told me that he met with Felix and gave him that 30,000 cash."); id., at 85:18-25 ("Q. Did you pay the defendant or was he otherwise paid to your knowledge, based on his work involving the Hovhannes Nazaryan investigation? A. Yes, I did pay him. Q. How much did you pay him? A. Around 15, 20,000. Q. How did you pay him, in cash or -- A. In cash.")  In short, based on E.S.'s testimony, defendant received, directly or indirectly, somewhere between $45,000-$50,000 in cash from E.S. for his corrupt services.

Defendant, like he did at trial and in his post-trial motions, largely bases his objections on  E.S.'s credibility.  The jury clearly found E.S. sufficiently credible that it convicted defendant on all counts.  Similarly, this Court can, and should, find E.S.'s testimony that he paid the defendant a substantial portion of cash

---

[2] This amount is based on the checks E.S. wrote to defendant's benefit, whether directly or indirectly.

credible; again the standard is significantly lower as the government need only prove an enhancement by a preponderance of the evidence. Watts, 519 U.S., 156 (1997); See also U.S.S.G. § 6A1.3, comment. Defendant also quibbles over the exact amount of cash E.S. paid defendant. Given that defendant concedes that the loss amount is at least $93,403, this Court need only believe that E.S. gave defendant at least $1,598 in cash (thereby totaling more than $95,000 in bribes). In sum, even taking the lowest amount E.S. said he paid defendant in cash, which is $15,000 (as cited above), the evidence supports that defendant received more than $95,000 in bribes, which merits an eight-level enhancement.

## C. Defendant was in a High-level Decision-Making or Sensitive Position

Defendant's objection to the Public Official in a High-level Decision-Making or Sensitive Position enhancement (U.S.S.G. § 2C1.1(b)(3)) is meritless. Defendant quotes Application Note 4, but conveniently omits subsection "B." (Def. Pos. at 13-14.) Subsection B states, in relevant part, "[e]xamples of a public official who holds a sensitive position include a juror, a law enforcement officer, an election official, and any other similarly situated individual." (emphasis added.) By its very terms, this applies to defendant, a former DHS/HSI Special Agent.

Defendant seemingly argues that defendant did not exploit his high-level decision-making or sensitive position as part of his offense conduct. First, the enhancement does not require that the offense actually exploit, or take advantage of, defendant's high-level decision-making or sensitive position. Second, even if that's what the enhancement requires, contrary to defendant's arguments,

6

defendant did in fact exploit his high-level decision-making and sensitive position.  Defendant argues that the D.K. parole letter had nothing to do with corrupt agreement with E.S.  Defendant advanced this argument at trial and the jury flatly rejected it by convicting him on Count Two, which alleged that defendant, in exchange for something of value, namely checks or cash, attempted to assist D.K., who was an inadmissible foreign national, with getting into the United States.  (Dkt. 34 (First Superseding Indictment); Dkt. 95 at 20, 22 (Jury Instruction Nos. 17, 19 relating to Count Two).)  Simply put, the evidence shows that defendant was a public official in a high-level decision-making or sensitive position and that he exploited his position in exchange for bribes.

### D. Defendant was a Public Official and Attempted to Facilitate D.K.'s Entry into the United States

Defendant's objection to the Public Official who Facilitated Entry into the United States or the Obtaining of a Document Relating to Naturalization, Citizenship, Legal Entry, or Legal Resident Status enhancement (U.S.S.G. § 2C1.1(b)(4)) is meritless.  (Def. Pos. at 15.)  As stated above, the jury found, beyond a reasonable doubt, that in exchange for cash and checks, defendant attempted to assist D.K., who was an inadmissible foreign national, with getting into the United States.  Defendant did so through the use of a fraudulently obtained "Parole Letter" signed by his unwitting supervisor whose signature attested to the validity the official need for D.K. to legally enter the U.S.  Defendant attempts to avoid the enhancement by arguing that defendant was not successful in getting D.K. into the country and that D.K. entered via asylum.  This is irrelevant.  This is a tortured reading of the enhancement which would effectively

7

"reward" a defendant (by virtue not increasing his sentencing exposure) who is unsuccessful.

Notably, the enhancement requires significantly less than success.  It simply requires that a defendant "facilitated...the obtaining of a...document relating to...legal entry...."  (U.S.S.G. § 2C1.1(b)(4)(B).)  At trial, E.S. testified that defendant attempted to assist D.K., E.S.'s brother-in-law, in gaining entry into the United States by falsifying DHS documents (a Parole Letter) that purported to show D.K. was an individual with information pertinent to an ongoing narcotics investigation.  (Trial Ex. 159 (Parole Letter).)  Stated differently, the evidence conclusively showed that defendant obtained a Parole Letter, under false pretenses, for D.K. in exchange for something of value  (again, as evidenced by the jury's guilty verdict on Count Two).  In sum, the defendant, a public official, facilitated the obtaining of a document relating to legal entry which merits a two-level enhancement.

**E.   Defendant's Objection to the Money Judgment is Improper**

Defendant objects to a portion of the Money Judgment of Forfeiture.  The Government's application for the Money Judgment of Forfeiture was filed on August 22, 2022.  (Dkt. No. 117).  The defendant did not object or in any way respond to the Government's application, and the Court granted the unopposed application and entered the Money Judgment on September 1, 2022.  (Dkt. No. 118).  Should the defendant now wish to litigate or amend the Money Judgment, which, by its terms is made part of the defendant's sentence, he may file a motion for reconsideration or otherwise file a timely appeal.

**IV.   CONCLUSION**

For the reasons set forth above and in the government's Sentencing Position, defendant's objections should be overruled and the government respectfully requests that the Court sentence defendant to 145 months in prison, followed by 3 years of supervised release, and order that he pay a $3,000 special assessment, and a $35,000 fine.